BROADS v. LIVINGSTON et al.

(Supreme Court, Appellate Term.   October 1, 1897.)

1. APPEAL—REVIEW OF FACTS.
    On an appeal great weight is to be attached to a finding of fact by the justice before whom the case was tried.
2. PLEADINGS, PROOF, AND JUDGMENT—VARIANCE.
    In an action to recover an unpaid balance for plaintiff's services in laundering shirt waists manufactured by defendant, the plaintiff recovered judgment for an amount less than that demanded in the complaint, and justified by the proof. *Held*, that there was no inconsistency between the theory upon which the action proceeded and that upon which the judgment was rendered, and so that the judgment was not subject to attack on appeal by the defendant as being non secundum allegata et probata.

Appeal from Seventh district court.

Action by Laura Broads against Louis D. Livingston and others. There was a judgment for plaintiff, and defendants appeal.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Louis H. Levin, for appellants.
Thomas Gilleran, for respondent.

BISCHOFF, J.   The plaintiff conducted a laundry business under the name of the National Steam Laundry, and performed services for the defendants in the laundering of shirt waists manufactured by them.   The claim in suit was for an unpaid balance due for such work, and, denying the plaintiff's allegations, the defendants set up

a counterclaim for the value of 52 dozen shirt waists alleged to have been sent by them to the plaintiff in the usual course of dealing, and not returned; the principal issue in the case being as to the merits of this counterclaim. It was the defendants' custom to furnish a slip or list with each lot of goods sent to the plaintiff's laundry, delivering both the goods and the slip to her expressman, and a memorandum of the amount of goods thus delivered, corresponding to the slip, was made at the time and preserved by the defendants' bookkeeper. On receipt of the goods and slips at the laundry the slips were filed, and the goods, when laundered, were returned to the defendants, as called for by the appropriate slip, by which the number of pieces was verified. According to the defendants' evidence, the plaintiff had failed to return goods called for by two slips, of which an alleged duplicate memorandum had been entered in the defendants' books, while, on the other hand, it was shown for the plaintiff that all goods delivered to her or to her expressman had been accounted for. The issue was of the credibility of the plaintiff's employés as against the defendants', and the justice has found, with the testimony of the former, that the goods which are the subject of the counterclaim were not at any time delivered by the defendants to the plaintiff. It is contended that the probabilities of the case tell strongly for the defendants, in that small mistakes had been made by the plaintiff, in dealing with their goods, at several times, and that the pieces in question may well have been sent, through the plaintiff's mistake, to other parties, whose goods, similar in design, were also laundered by her; also that the slips might readily have been lost when in the plaintiff's hands, since they were kept in an unlocked drawer in a room to which many employés had access. We do not think that the defendants' case is sufficiently strong to justify our reversal of the judgment as against the weight of the evidence. The justice, after hearing and observing the witnesses, was evidently impressed with the truth of the plaintiff's account of the matter, and believed that the defendants' employés were mistaken in their statement that the goods had actually been sent from the defendants' place of business, or delivered to the plaintiff's representative. Much weight is to be attached to his finding of the fact, and we should be unwilling to disturb that finding upon the presumption that these goods were lost, and the corresponding slips purloined, by the plaintiff's employés, when ample evidence was given that her duty to the defendants had been fully performed.

There is no force in the point suggested in the appellants' behalf that the recovery was non secundum allegata et probata because the amount awarded was less than the amount demanded by the plaintiff and authorized by the proof. Here there is no inconsistency between the theory upon which the action proceeded and that upon which the judgment was rendered, as in the cases cited, where the action was brought to recover a stipulated sum under a special agreement, and a recovery was had for a different amount, as upon a quantum valebat or quantum meruit, concerning which there was no proof. The recovery may not have been adequate compensation to the plaintiff in view of her demand for judgment and the proof, but,

even so,· she only was thereby aggrieved.   Hence the appellants cannot justly complain.

Judgment affirmed, with costs.   All concur.